# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### (JACKSONVILLE DIVISION)

| | | |
|---|---|---|
| Wendell Perez, individually and | ) | |
| as next friend of A.P., a minor | ) | |
| Maria Perez, individually and | ) | |
| as next friend of A.P, a minor, | ) | |
| | ) | |
| Plaintiffs | ) | Case No. 3:22-cv-0083-TJC-JBT |
| v. | ) | |
| David Broskie, individually, | ) | |
| and in his official capacity as | ) | |
| Superintendent of Clay County | ) | |
| District Schools, | ) | |
| John O'Brian, individually, and in his | ) | |
| official capacity as Principal of | ) | |
| Paterson Elementary School, | ) | |
| Courtney Schumacher, individually, | ) | |
| and in her official capacity as | ) | |
| Assistant Principal of Paterson | ) | |
| Elementary School, | ) | |
| Destiney Washington, individually | ) | |
| and in her official capacity as | ) | |
| counselor at Paterson Elementary | ) | |
| School, Clay County School Board, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY AND PRETRIAL DEADLINES PENDING RESOLUTION OF PARTIALLY DISPOSITIVE MOTION TO DISMISS

COME NOW, Plaintiffs, Wendell Perez, individually and as next friend of

A.P., a minor Maria Perez, individually and as next friend of A.P, a minor, by and

1

through their attorneys of record and file their Memorandum of Law In Opposition to Defendants' response to Defendants' Motion To Stay Discovery And Pretrial Deadlines Pending Resolution Of Partially Dispositive Motion To Dismiss [Dkt. 11][1] as follows:

## INTRODUCTION

Defendants speciously posit that this court should grant their requested stay of discovery because a sister court reviewing a similar motion under a different set of facts in a different venue partially granted the requested relief. [Mtn to Stay Discovery, p. 6, citing *Littlejohn v. School Board of Leon County*, Northern District of Florida, Case No. 4:21-cv-00415, Dkt. 27]. What Defendants fail to tell this Court is that in *Littlejohn*, Judge Walker did not partially grant the motion to stay on the merits. Rather, the Court approved a stay because plaintiffs in that case did not oppose a partial stay. [*Littlejohn,* Dkt 27, page 2]. That is not the case here.

Furthermore, Judge Walkers' analysis of the factual and legal context of the case before him in another judicial district has no bearing on, and is not dispositive for this Court's exercise of its judicial discretion in analyzing the factual and legal context in this case. That is particularly true in light of the fact that, unlike the

---

[1] Plaintiffs have filed a First Amended Complaint which renders Defendants' Motion to Dismiss moot. However, since Defendants indicated in their Motion to Stay that they intended for it to apply to "any subsequent motions directed to any amended complaints," Plaintiffs are submitting this opposition to the Motion to Stay.

Northern District, the Middle District of Florida has adopted a handbook, *Middle District Discovery A Handbook on Civil Discovery Practice in The United States District Court for The Middle District of Florida* (2021) ("Middle District Discovery"), that guides discovery practice in this Court. The handbook specifically addresses motions to stay pending motions to dismiss and is viewed as "highly persuasive in addressing discovery issues." (*Middle District Discovery* at p. iii). Notably, Defendants do not even mention *Middle District Discovery*, let alone address its admonition that motions for stay of discovery are rarely granted. (*Id.* at Section I.E.4). Nor have Defendants made "a specific showing of prejudice or undue burden" to show the existence of unusual circumstances that might justify a stay of discovery. (*Id.*).

Defendants follow the well-trodden, but misguided path followed by many other defendants by claiming that filing a motion to dismiss, including claims for qualified immunity, *ipso facto,* requires a stay of discovery under *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997). However, as this Court has repeatedly held and the Eleventh Circuit has confirmed, *Chudasama* does not create a *per se* rule that motions to stay must be granted when motions to dismiss are pending. *Zow v. Regions Fin. Corp.*, 595 F. App'x 887, 889 (11th Cir. 2014).

Defendants offer no other legal authority that could support their claimed entitlement to a stay of discovery.[2]  Absent such authority, Defendants' motion should be denied.

## LEGAL ARGUMENT

The Eleventh Circuit has repeatedly emphasized that "district courts are entitled to broad discretion in managing pretrial discovery matters." *Perez v. Miami-Dade County*, 297 F.3d 1255, 1263 (11th Cir. 2002). "Given the caseload of most district courts and the fact that cases can sometimes stretch out over years, district courts must have discretion and authority to ensure that their cases move to a reasonably timely and orderly conclusion." *Id.* In keeping with that broad discretion, the Eleventh Circuit has stated that courts **may** stay discovery pending determination of motions to dismiss but has not adopted a *per se* rule. *Caraballo-Sandoval, et al., v. R.E. Honsted*, 35 F.3d 521, 524 (11th Cir.1994); *Moore v. Potter,* 141 Fed. App'x. 803, 807 (11th Cir. 2005). Instead, courts are to balance the respective interests of the parties, including harm to the Plaintiffs, if a stay is granted. Stays are disfavored and granted only when the Defendants demonstrate that 1) Plaintiffs' claims are so lacking in merit as to make dismissal with prejudice almost a forgone conclusion

---

[2]     Another case cited by Defendants regarding entitlement to a stay, *Fitzer v. Am. Inst. of Baking, Inc.,* No. CV 209-169, 2010 WL 1955974, at *2 (S.D. Ga. May 13, 2010), did not address a stay of discovery pending a motion to dismiss. Instead, the court granted a motion to stay the case pending resolution of a bankruptcy settlement that would include the Defendants' claim. *Id.* Discovery was permitted to continue on the issue of personal jurisdiction. *Id.*

and 2) Plaintiffs will not be harmed by postponing discovery. *See Feldman v. Flood,* 176 F.R.D. 651, 652 (M.D. Fla. 1997).

Defendants cannot satisfy either prerequisite in their Motion to Dismiss the Complaint, and with the additional parties, facts and other revisions in the First Amended Complaint, they are less likely to meet their burden. Accordingly, Defendants are not entitled to an exception from this Court's general rule that staying discovery is disfavored.

## I.     Defendants Cannot Show Good Cause For A Stay of Discovery.

Motions to stay discovery may be granted pursuant to Fed.R.Civ.P 26(c), but the moving party, Defendants here, bear the burden of showing good cause and reasonableness. *McCabe v. Foley,* 233 F.R.D. 683, 685 (M.D. Fla. 2006). "Such motions are not favored because when discovery is delayed or prolonged it can create case management problems which impede the Court's responsibility to expedite discovery and cause unnecessary litigation expenses and problems." *Feldman,* 176 F.R.D. at 652. "As a result, a request to stay all discovery pending resolution of a motion is rarely appropriate where resolution of the motion will not dispose of the entire case." *Id.* [3]

---

[3]     Notably, Defendants' Motion to Dismiss the Complaint stated that it was only partially dispositive. [Dkt. 10 p. 1]. Thus Defendants admitted that the resolution of the motion would not have disposed of the entire case.

In deciding whether to stay discovery awaiting resolution of a pending motion, the Court inevitably must balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. *Id.*; *see also, McCabe,* 233 F.R.D. at 685. *"*This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted." *Feldman*, 176 F.R.D. at 652; *McCabe,* 233 F.R.D. at 685. In *Feldman,* this Court found that the allegations of the complaint stated plausible claims so that "defendants' motion to dismiss, while presenting substantial issues, is not so clear on its face [that] there appears to be an immediate and clear possibility that it will be granted." 176 F.R.D. at 653.

The same is true here. While Defendants' Motion to Dismiss the original complaint is moot due to the filing of the First Amended Complaint, the detailed factual allegations of both complaints stand in stark contrast to the conclusory allegations that the court found supported a motion to stay in *McCabe*, 233 F.R.D. at 685. Notably, while arguing that the original Complaint was factually inadequate (Motion for Stay, p. 5), Defendants also complained about its length and complexity (Motion for Stay, p. 1, "Plaintiffs have filed a 55 page, 200 plus paragraph Complaint alleging twelve different causes of action."). Many of the boilerplate challenges

Defendants raised to the original Complaint were factually and legally deficient and are even less applicable to the First Amended Complaint. Just as the boilerplate challenges would not have pointed to an immediate and clear possibility that the original complaint would have been dismissed in its entirety, so too will similar challenges to the First Amended Complaint fail to create an immediate and clear possibility that the First Amendment Complaint would be dismissed in its entirety.

Finally, and perhaps most importantly, delaying discovery will adversely affect Plaintiffs. The First Amended Complaint, like its predecessor, alleges ongoing deprivations of fundamental civil liberties for which injunctive relief is being requested. (First Amended Complaint, "FAC", Prayer for Relief ¶¶ 2, 3). In addition, a core issue in Plaintiffs' claims is secrecy on the part of Defendants. (FAC ¶¶ 30-35). Defendants have deliberately concealed information from Plaintiffs regarding Defendants' interactions with their daughter and the protocols under which those interactions occurred. (*Id.*). Discovery is necessary to uncover the true nature and extent of Defendants' actions, and particularly, whether preliminary injunctive relief might be necessary to protect A.P. from continuing harm by the undisclosed protocols. Delaying discovery will prevent Plaintiffs from obtaining this information in a timely manner and seeking the judicial relief that might be necessary while the pleadings are under review. This real and present, not potential, harm posed by staying discovery compels denial of Defendants' requested stay.

## II.   Defendants' Motion To Dismiss And Assertion Of Qualified Immunity Do Not Require A Stay of Discovery.

The thrust of Defendants' argument is the improper assertion that because they have filed a motion to dismiss, and particularly, raised a defense of qualified immunity, they are *ipso facto* entitled to a stay of discovery. (Motion to Stay [Dkt. 11], pp. 5-6). Notably, while acknowledging that district courts have broad discretion in managing cases, Defendants then incorrectly and falsely claim that in fact courts have no discretion when there is a motion to dismiss pending, based on *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1366-67 (11th Cir. 1997) (*Id.* at pp. 4-7).   However, as district courts and the Eleventh Circuit have confirmed, *Chudasama* does not create a *per se* rule that motions to stay must be granted when motions to dismiss are pending. *Zow* 595 F. App'x at 889. In *Zow*, the Eleventh Circuit clarified that it only found an abuse of discretion on the part of the district court in *Chudasama* because the district court ordered the parties to engage in substantive discovery **despite failing to rule on the defendants' motion to dismiss for over eighteen months**. *Id*. (emphasis added). Similarly, this Court and other district courts have repeatedly held that *Chudasama* does not stand for the proposition that discovery must be stayed when a motion to dismiss is pending. *McCrimmon v. Centurion of Fla., LLC*, No. 3:20-cv-36-J-39JRK, at *3-4 (M.D. Fla. Oct. 27, 2020); *Bocciolone v. Solowsky*, No. 08-20200-CIV, 2008 WL 2906719, at *1 (S.D. Fla. July 24, 2008); *Reilly v. Amy's Kitchen, Inc.,* No. 13-21525-CIV, 2013

8

WL 3929709, at *1 (S.D. Fla. July 31, 2013); *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988).

Nevertheless, as Defendants do here, "[p]arties seeking stays of discovery pending a ruling on a motion to dismiss invariably cite *Chudasama*" as establishing a *per se* rule for motions to stay. *United States v. InfiLaw Corp.*, Case No: 6:16-cv-970-Orl-37TBS, at *5-6 (M.D. Fla. Feb. 14, 2018). However, *Chudasama* "does not support Defendants' implicit contention that discovery should be stayed whenever a defendant files a motion to dismiss." *In re Winn-Dixie Inc. ERISA Litigation*, Case No. 3:04-cv-194-J-33MCR, ERISA Civil Actions, at *4 (M.D. Fla. 2007). "At most, these cases support a discovery stay — in the district court's discretion — when an especially dubious claim would unduly expand the scope of discovery." *Id.*

"*Chudasama* does not dictate that all discovery should be stayed pending a decision on a motion to dismiss." *I.C. v. Polk County*, Case No. 8:17-cv-787-T-33AAS at *4 (M.D. Fla. 2017). "Instead, *Chudasama* stands for the much narrower proposition that courts should not delay ruling on a likely meritorious motion to dismiss while undue discovery costs mount." *Id.* That is not the situation in this case. Therefore, *Chudasama* neither requires nor compels that this Court exercise its discretion to grant a motion to stay discovery.

Rather, as *Middle District Discovery* states, "[n]ormally, the pendency of a

motion to dismiss or a motion for summary judgment will not justify a unilateral motion to stay discovery pending resolution of the dispositive motion. Such motions for stay are rarely granted." Section I.E.4. This Court notes that "unusual circumstances may justify a stay of discovery in a particular case upon a specific showing of prejudice or undue burden." *Id.* Defendants has not and cannot make any such showing here, and therefore cannot establish the "unusual circumstances" necessary to support an exception to the rule that stays of discovery are disfavored.

## CONCLUSION

Defendants have not demonstrated good cause for an exception to the presumption against stays of discovery, including the kind of delay that persuaded the Eleventh Circuit to rule in favor of a stay in *Chudasama.* The mere fact that there is a motion to dismiss pending that includes a claim for qualified immunity does not require that this Court depart from the tenet that motions to stay discovery are rarely granted.

For these reasons, Defendants' motion should be denied.

Dated: March 11, 2022

/s/Mary E. McAlister
Mary E. McAlister (FL Bar No. 0010168)
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
P.O. Box 637
Monroe, VA 24574
770.448.4525
mmcalister@childparentrights.org

Vernadette R. Broyles (GA Bar No. 593026)*
CHILD & PARENTAL RIGHTS CAMPAIGN, INC.
5805 State Bridge Rd., Suite G310
Johns Creek, GA 30097
770.448.4525
vbroyles@childparentrights.org
* pro hac vice admission pending
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I certify that on this 11th day of March 2022, a true and correct copy of the foregoing was electronically filed in the U.S. District Court, Middle District of Florida, using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Mary E. McAlister*
MARY E. MCALISTER